**SO ORDERED.**

**SIGNED this 2 day of April, 2018.**



_____
**James P. Smith
Chief United States Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br>Malcolm Ross, Sr.<br>JoAnn Ross<br>5268 Reed Creek Hwy<br>Hartwell, GA  30643<br>SS#      XXX-XX-2351<br>SS#      XXX-XX-7661 | CHAPTER 13<br><br><br>CASE NO. 18-30048-JPS |

### ORDER CONFIRMING PLAN AWARDING ATTORNEY FEES

The debtors' plan having been transmitted to all creditors; and

It having been determined, after hearing on notice, that the debtors' plan, or plan as amended, complies with Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1325, and with other applicable provisions of this title of the United States Code as shown by Exhibit "A" attached hereto;  and

The Chapter 13 Trustee having recommended that the debtors' plan to be confirmed; it is

**ORDERED** that the debtors' plan, or plan as amended, which plan is attached hereto as Exhibit "A" and incorporated herein by reference, is confirmed, and the debtors are further ordered to comply with the terms of this plan and to maintain in force all insurance required by any of his contractual agreements; and it is further

**ORDERED** that an award of $3,250.00 is made to SHELLEY WELCH COX, LLC as interim compensation in this case pursuant to §331 of the Bankruptcy Code for the attorney services rendered in this case. The trustee is directed to pay any unpaid balance as an administrative expense; and it is further

**ORDERED** that all pending motions to dismiss filed by the Chapter 13 trustee are hereby withdrawn, unless a separate order has been entered resolving the motion.

END OF DOCUMENT

Prepared by:

Camille Hope, Trustee
P.O. Box 954
Macon GA 31202
Telephone (478) 742-8706

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

IN RE:  
Malcolm Ross, Sr.  
JoAnn Ross

Chapter 13  
Case No. 18-30048-JPS

## Trustee's Summary of the Plan Including Agreed Upon Changes

## Part 1

Debtor's Net Income:    1,383.00    Deb 1:    SSA/SSI  
Spouse's Net Income:    696.93    Deb 2:    NOT ENOUGH FOR DEDUCTION

## Part 2: Plan Payments and Length of Plan

2.1    Debtor proposes to make payments into the plan as follows:

| Which Debtor | Payment Amt. | Frequency | Start Date |
|---|---|---|---|
| Debtor 1 | 1,482.00 | MONTHLY | 2/22/2018 |

until the plan is completed

2.2    Additional Payments:                                                    Source:

2.3    The Trustee percentage fee as set by the United States Trustee will be collected from each payment made by the debtor (s).

2.4    The debtor(s) will pay for a minimum of 36 months if the debtor(s) is/are below the median income or 57 months if the debtor(s) is/are above the median income.

## Part 3: Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows :**

3.1    Payments on Long Term Debt

3.2    Payments on Arrearages on Long Term Debt

3.3    Secured Claims Not Subject to Cram Down

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Anderson Auto Acceptance | $13,056.81 | 4.50 | 03 GMC Enyoy | $167.15 |

3.4    Pre-confirmation Adequate Protection Payments - These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION PAYMENT AMOUNT |
|---|---|
| Anderson Auto Acceptance | $167.15 |

3.5 Secured Creditors Subject to Cram Down

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| W.S. BADCOCK CORPORATION | 1,500.90 | $200.00 | 4.50 | Furniture | $15.00 |
| Farmers Furniture | 96.10 | Debt | 4.50 | Mattress set | $15.00 |
| Nationstar Mortgage LLC d/b/a Mr. Co | 109,730.48 | $56,830.00 | 4.50 | Land & Mobile Home | $1,059.48 |

3.6     The following collateral is **surrendered to the creditor, and the stay and co-debtor stay are lifted.**

3.7     The following debts will be paid directly by the debtor(s):

3.8     The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions**.

## Part 4: Treatment of Fees and Priority Debt

4.1     Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,250.00 to be paid as follows:

Pursuant to the Current Administrative Order on Attorney Fee Awards

4.2     The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. **(If this is left blank, no interest will be paid.)**

4.3     All other 11 U.S.C. § 507 priority claims, unless already listed under 4.2, will be paid in full over the life of the plan as funds become available in the order specified by law.

## Part 5: Treatment of Non-Priority Unsecured Claims

5.1     Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three):

Disposable Income: $____        Best Interest: $____        Optional: $2700.00

5.2     Binding Dividend (%): ____        Estimated Dividend: 10%

5.3     The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay interest or a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions**.

5.4     The executory contracts and unexpired leases listed below are assumed. Those not mentioned are rejected.

5.5     See original plan for insurance requirements.

5.6  Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

## Part 6: Nonstandard Provisions

i. Pursuant to 11 U.S.C. 522(f), the non-possessory, non-purchase money security interest of Local Finance of Hartwell is avoided, subject to reinstatement under 11 U.S.C. 349 upon dismissal of the case.

ii. Pursuant to 11 U.S.C. 522(f), the non-possessory, non-purchase money security interest of World Finance Corp is avoided, subject to reinstatement under 11 U.S.C. 349 upon dismissal of the case.

## Part 7: For Statistical Reporting Purposes:

(1) Requests for valuation of security, payment of fully secured claims, and modification of under secured claims    3

    a.  Property Valued at an Amount LESS THAN the Secured Amount Claimed    2

    b.  Amount Valued is EQUAL to or GREATER THAN the Secured Amount Claimed    1

(2) Requests for lien avoidance    2

(3) Requests that the stay under 11 U.S.C. §362(a) can be terminated as to collateral surrendered in the plan    0

(4) Requests for assumption of executory contracts and/or unexpired leases    0

(5) Requests for rejection of executory contracts and/or unexpired leases    0

EXHIBIT "A"

/s/ Camille Hope

Office of the Chapter 13 Trustee